AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| JEANAIT MATHURIN, and | ) | Case No. 12-8299-WM |
| JAY VILBERT, a/k/a "Jeantho Vilbert", | ) | |
| | ) | |
| | ) | |
| Defendant(s) | ) | |

FILED by _____ D.C.
JUL 3 0 2012
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __March 30, 2012 - July 29, 2012__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC Sections 554 and 2 | Attempting to export from the United States any merchandise, article, or object contrary to any law or regulation of the United States and/or for concealing, buying, or in any manner facilitating the transportation or concealment of such items prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Anderson Sullivan, Special Agent, ICE-DHS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __July 31, 2012__

_____
Judge's signature

City and state: __West Palm Beach, Florida__   William Matthewman, U.S. Magistrate Judge
*Printed name and title*

## Affidavit

I, Anderson Sullivan, being duly sworn do solemnly swear and depose that:

### Introduction

1. I, Anderson Sullivan, am a Special Agent assigned to the U.S. Homeland Security Investigations (HSI), Office of the Resident Agent in Charge, West Palm Beach, Florida. I have been a HSI Special Agent for approximately five years. Prior to being a HSI Special Agent, I served as a Marine Interdiction Agent with United States Customs and Border Protection and as a Marine Enforcement Officer of the former United States Customs Service for approximately five years. In total, I have about 14 years of federal law enforcement experience.

2. As a Special Agent with HSI, my duties and responsibilities include conducting criminal investigations pertaining to Titles 18, 19, and 22, of the United States Code (USC) and the Code of Federal Regulations (CFR). After being hired as a Marine Enforcement Officer in 2002, I received training at the United States Customs Service Academy. In 2007, as a Special Agent, I received further training at the United States Immigration and Customs Enforcement Academy. At both of these academies I was trained in the legal principles and statutes representing criminal, civil, and administrative violations of the USC and the CFR as enumerated in Titles 18, 19, and 22. I have obtained experience from numerous investigations involving firearms smuggling, other Customs and Firearms laws.

3. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to arrest Jeanait MATHURIN and Jay VILBERT, aka Jeantho VILBERT, for attempting to export goods, firearms, contrary to law, from the United States in violation of Title 18 United States Code, Sections 554(a) and 2.

### Facts in Support of Probable Cause

4. On July 27, 2012, U.S. Customs and Border Protection (CBP) Officers (CBPO) and a Homeland Security Investigations (HSI) Special Agent (S/A) inspected a 2002 Toyota Rav 4, VIN: JTEGH20V020064343, that was destined to be exported from the United States to Haiti, by Monarch Shipping Lines/Teeters Agency (Monarch). Inside the Toyota the CBPOs and the S/A discovered two 5 gallon buckets of paint. One of the buckets was an orange Home Depot bucket and a gray Glidden bucket. Inside the orange bucket the CBPOs and S/A discovered two Glock semiautomatic pistols secreted in

yellow paint; a .40 cal pistol, SN- SRV841, and a 9mm pistol SN- SVV415. Inside of the gray bucket the CBPOs and the S/A discovered four more Glock semiautomatic pistols secreted in yellow paint; a .40 cal pistol, SN- LSC287, a .40 cal pistol, SN- PNA597, a 9mm pistol, SN- RKH362, and a 9mm pistol, SN- RUZ688. CBPOs and the S/A also discovered two magazines for each of the six firearms. All of the firearms were subsequently seized as evidence.

5. According the export documents obtained from Monarch, Jay VILBERT, YOB 1973, contracted with Monarch to export the Toyota Rav 4 to Haiti from the Port of Palm Beach, located in Palm Beach County, Florida. The export documents obtained from Monarch include: Dock Receipt (DR) # 123448, a Contents List, a photocopy of VILBERT's Florida Driver's License, a Vehicle Inspection Sheet, a Letter of Intent, an original Florida title for the Toyota, and an Export Power of Attorney. DR# 123448, dated 06/28/2012, identifies VILBERT as the shipper of the aforementioned Toyota. The only cargo listed on the Contents List is "2 BOXES." The original Florida title identifies VILBERT as the current owner of the Toyota and contains VILBERT's signature. The Export Power of Attorney indicates that VILBERT authorized Teeters Agency to conduct business on his behalf with regard to the Toyota's exportation and contains VILBERT's signature and is also notarized. The export documents do not contain any record of the firearms discovered in the Toyota. Furthermore, no Shipper's Export Declarations or U.S. Department of State Licenses authorizing the exportation of defense articles or firearms from the U.S. were located among the export documents.

6. Pursuant to 22 CFR 121.1, all of the aforementioned Glock firearms are Category I defense articles.

7. Pursuant to 22 CFR 127.1 "(a) It is unlawful:

   (1) To export or attempt to export from the United States, or to reexport or retransfer or attempt to reexport or retransfer from one foreign destination to another foreign destination by a U.S. person of any defense article or technical data or by anyone of any U.S. origin defense article or technical data or to furnish any defense service for which a license or written approval is required by this subchapter without first obtaining the required license or written approval from the Directorate of Defense Trade Controls;

   and,

   (3) To conspire to export, import, reexport or cause to be exported, imported or reexported, any defense article or to furnish any defense service for which a license or written approval is required by this subchapter without first obtaining the required license or written approval from the Directorate of Defense Trade Controls;"

8. According to Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) databases, Jeanait MATHURIN, YOB 1974, purchased the four Glock firearms discovered in the gray bucket; a .40 cal pistol, SN- LSC287, a .40 cal pistol, SN- PNA597, a 9mm pistol, SN- RKH362, and a 9mm pistol, SN- RUZ688, from two different Federal Firearms Licensees on or about June 26, 2012. Firearms traces have been initiated on the remaining two firearms.

9. On July 29, 2012, HSI and ATF S/As encountered MATHURIN at the Ft. Lauderdale International Airport as he attempted to board an international flight to Haiti. During a border search of MATHURIN's belongings, your affiant discovered a record on MATHURIN's cell phone showing a call to "Monarch Shipping" made the day before (July 28, 2012).

10. In a post-*Miranda*, MATHURIN acknowledged that he purchased the four Glock firearms. MATHURIN claimed that after he purchased the four Glick firearms, he stored them under a bed in his apartment and has not seen them, touched them, or used them since. MATHURIN stated that he and VILBERT are friends. MATHURIN also stated that he and VILBERT currently live together in the same apartment and have been living together in that apartment for about one year. However, ATF and HSI agents interviewed MATHURIN's wife, May MATHURIN, at the apartment. May MATHURIN stated that VILBERT does not live with the with the MATHURINs and that only she, her husband (Jeanait MATHURIN), and their eight year old child live at their apartment. When confronted with his wife's statements, MATHURIN admitted that he originally lied about VILBERT and him living together.

11. When asked about the call made to "Monarch Shipping" the previous day, MATHURIN stated that he called Monarch to find out when VILBERT's vehicle was due to be shipped to Haiti. MATHURIN knew that VILVERT was exporting a Toyota Rav 4 to Haiti. MATHURIN stated that VILBERT owed him $5000.00 from a previous personal loan and that he was going to get reimbursed once the vehicle was sold in Haiti. MATHURIN stated that he had the "DR" number stored in his cell phone. Your affiant located the letters "DR" in the phone's contact list and the number "123448" was assigned to "DR." When confronted with the discovery and seizure of the Glock firearms, MATHURIN denied knowing how the firearms got into VILBERT's Toyota.

12. HSI and ATF Agents also located VILBERT interviewed at his home. VILBERT invited Agents into his home where the interview was conducted. During the interview, VILBERT stated that he has been friends with MATHURIN for a very long time. VILBERT added that he ships vehicles to Haiti. The most recent vehicle was a black RAV4 that he purchased approximately one month ago. According to VILBERT, someone in Haiti gave him the money to purchase the vehicle. After he purchased the vehicle, VILBERT, accompanied by MATHURIN, dropped the vehicle off at the port for export to Haiti. When the interview began, VILBERT stated that the vehicle contained additional items that were to be exported to Haiti to include food. When asked who put the two (5) gallon paint drums in the vehicle, VILBERT told the Agents that there were guns in the paint drums. VILBERT stated that he purchased two guns

from gun stores, one 9mm and one .40 caliber. VILBERT stated that he paid approximately $500.00 for each gun.

13. VILBERT provided Agents with a receipt from the Gun Outlet that indicates he purchased a Glock 17 for the price of $565.00. The date of purchase on the receipt is 03/30/2012. VILBERT stated that he purchased two guns but he could only find the receipt for one. Only one Glock 17, SN- RUZ688, was recovered from the paint and that was purchased by MATHURIN.

14. VILBERT then stated that the other guns belonged to MATHURIN. He admitted he purchased the paint at the Home Depot in Lake Worth using cash and that he packaged his firearms and put them inside plastic bags inside the orange bucket of paint. He said that MATHURIN put the gray bucket in the Toyota himself when the truck was parked, as it was unlocked. VILBERT said he was not present when MATHURIN put his guns in the truck. According to VILBERT, MATHURIN was supposed to pick up the vehicle in Haiti. He then added that his two firearms were for his business in Haiti. He denied ever borrowing money from MATHURIN.

15. Your Affiant showed VILBERT the Monarch documents and he acknowledged that filled out the documents when he contracted Monarch to export the vehicle. VILBERT stated that he did not list the firearms on the Contents List because he did not want the firearms to be stolen.

16. In conclusion, based on the forgoing, your affiant believes that probable cause exists to arrest MATHURIN and VILBERT for attempting to willfully export firearms contrary to regulations of the Unites States; and/or for concealing, buying, or in any manner facilitating the transportation or concealment of the firearms prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, all in violation of Title 18 United States Code Section 554(a); and Title 18 United States Code Section 2.

Respectfully submitted,

ANDERSON SULLIVAN
Special Agent
U.S. Homeland Security Investigations

Subscribed and sworn to before me
on July 30, 2012:

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** JEANAIT MATHURIN

**Case No:** _____

Count #: 1

  Attempting to export from the United States any merchandise, article, or object contrary to any law or regulation of the United States

  18 U.S.C. § 554

**\* Max. Penalty:**    10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** Jay Vilbert, a/k/a "Jeantho Vilbert"

**Case No:** _____

Count #: 1

Attempting to export from the United States any merchandise, article, or object contrary to any law or regulation of the United States

18 U.S.C. § 554

**\* Max.Penalty:** 10 Years' Imprisonment; 3 Years' Supervised Release; $250,000 Fine

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. \_\_\_12-8299-WM\_\_\_

UNITED STATES OF AMERICA

vs.

JEANAIT MATHURIN, and
JAY VILBERT, a/k/a "Jeantho Vilbert,"

Defendants.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? \_\_\_\_ Yes \_X\_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? \_\_\_\_ Yes \_X\_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
BRANDY BRENTARI GALLER
ASSISTANT UNITED STATES ATTORNEY
Brandy.Galler@usdoj.gov
Admin. No. A5501296
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777